UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

MICHAEL MCHUGH,

    Plaintiff,

v.

ZAKHEIM & LAVRAR, P.A. and,
CITIBANK, NATIONAL ASSOCIATION
F/K/A CITIBANK

    Defendants.
_____/

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq* and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72. (hereafter the "FCCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Michael McHugh ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Broward, and City of Cooper City.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Zakheim & LaVrar, P.A. or "Zakheim" is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) as well as the FCCPA.

7. Defendant Zakheim is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as well as the FCCPA..

8. At all relevant times herein, Defendant, Citibank, National Association f/k/a Citibank, or "Citibank", acted as a debt collector in that it held itself out to be a company collecting a consumer debt allegedly owed by the Plaintiff.

9. Citibank is a corporation that is authorized to do business in the State of Florida.

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant Zakheim.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant Zakheim, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12. Defendant Zakheim uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

13. In connection with collection of an alleged debt in default, Defendant Zakheim, itself and on behalf of Defendant Citibank, sent Plaintiff's counsel a written communication on

February 9, 2011 in which it described its efforts to collect the purported debt owed to its client, Citibank. (See copy of letter dated February 9, 2011, attached hereto as Exhibit "A").

14. On May 20, 2011, Defendant Citibank, by and through Defendant Zakheim, sent an email correspondence to Plaintiff's counsel stating "Please see the attached proposed Settlement Agreement, increasing the cash payment to $2,000 and writing off the balance of the account at issue." (See copy of email dated May 20, 2011, attached hereto as Exhibit "B").

15. Said Agreement was fully executed as of June 16, 2011 with Plaintiff carrying out all of the contractual obligations therein.

16. On April 16, 2012, Defendant Zakheim, itself and on behalf of Defendant Citibank, sent Plaintiff's counsel written communication stating that the current debt owed by Plaintiff was "$7353.92, less applicable rebate and/or subsequent payments, if any; plus interest", in violation of the aforementioned Agreement. (See copy of letter dated April 16, 2012, attached hereto as Exhibit "C").

17. After the Agreement was fully executed, and the balance was waived by Defendant Citibank, Plaintiff did not make any contact with Defendant Zakheim or Defendant Citibank regarding the account in dispute.

18. After the Agreement was fully executed, and the balance was waived by Defendant Citibank, Plaintiff did not incur any additional charges to the account in dispute, or violate the Agreement in any way.

19. Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendants' behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

<u>**COUNT I**</u>
<u>**VIOLATION OF 15 U.S.C. §1692e(2)(A)**</u>
<u>**AGAINST DEFENDANT ZAKHEIM**</u>

20. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 17.

21. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

 a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

 b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

 c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

 d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

 e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

 f) Awarding such other and further relief as the Court may deem just and proper.

<u>**COUNT II**</u>
<u>**VIOLATION OF 15 U.S.C. §1692e(10)**</u>
<u>**AGAINST DEFENDANT ZAKHEIM**</u>

22. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 17.

23. Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including, but

not limited to: misrepresenting that a debt was owed when the account was previously settled in full; and misrepresenting that Plaintiff had recently disputed said account when he had not.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. §1692f
## AGAINST DEFENDANT ZAKHEIM

24) Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 17.

25) Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt, including, but not limited to: attempting to collect an additional seven thousand three hundred fifty three dollars and ninety two cents ($7,353.92) on a debt that was previously settled in full.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692f;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATIONS OF THE SECTION 559.72(9) OF THE FCCPA
## AGAINST DEFENDANTS ZAKHEIM AND CITIBANK

26. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1 through 17 of this complaint.

27. Defendants violated §559.72(9) of the Florida Consumer Collection Practices Act by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist.

28. As a result of Defendants' violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

29. Defendant Citibank, by virtue of its status as a "debt collector" under the FCCPA, is liable for actions of Defendant Zakheim, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff, MICHAEL MCHUGH, by and through his attorneys, respectfully prays for judgment as follows:

a) All actual compensatory damages suffered;

b) Emotional and/or mental anguish damages;

c) Statutory damages of $1,000.00;

    d) Plaintiff's attorneys' fees and costs;

    e) Any other relief deemed appropriate by this Honorable Court.

## TRIAL BY JURY

30. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 15th day of June, 2012.

> Respectfully submitted,
> **MICHAEL MCHUGH**
>
> By: s/ Alex D. Weisberg
> ALEX D. WEISBERG
> FBN: 0566551
> WEISBERG & MEYERS, LLC
> ATTORNEYS FOR PLAINTIFF
> 5722 S. Flamingo Rd, Ste. 656
> Cooper City, FL 33330
> (954) 212-2184
> (866) 577-0963 fax
> aweisberg@attorneysforconsumers.com